DECISION
Barbara J. Harsch ("Defendant") seeks to have sanctions imposed against J. William W. Harsch ("Plaintiff"), alleging that the above action prosecuted by him was frivolous, basing her position on the dismissal of the suit subsequent to the Plaintiff resting his case after presenting evidence at a hearing.
Plaintiff, one of three heirs to the estates of Joseph W. and Anne W. Harsch, filed a Verified Complaint in his own name against Defendant in February 2002, alleging, on information and belief, Defendant's wrongful conversion to her own use and benefit, personal property belonging to the estates. The action was dismissed, without prejudice, ostensibly on the premise that such an action, if viable, belonged to the estates and not an individual heir. Plaintiff's motion to substitute the party plaintiff was denied, an appeal taken but not perfected.
In the Order of May 10, 2002, appointing a Master to resolve disputes arising among the heirs of the Harsch estates, Pfeiffer, J. referred the conversion issue to the Master for determination. A motion for summary judgment was denied by the Master and the matter was tried on November 7, 2002.
The gravamen of the complaint is that the Defendant, who resided in the ancestral home for a period of time and who had unlimited access to estate personalty, wrongfully converted certain personalty to her own use, claimed ownership thereof and consigned it for sale at auction.
During the hearing, it was indeed established that Defendant and her husband Jonathan resided in the ancestral home, and in June and August 1999, after having left, consigned certain personal property to Martha Barrows for sale. Defendant testified that many of the consigned items came from her previous residence in Colorado and some from the estates in question which had been distributed to her and her husband.
The evidence focused on several items which were part of the consignments, but for illustrative purposes, an 1818 Atlas will be focused upon. Christina Harsch, wife of the Plaintiff, testified she saw the Atlas at Windswept after Joseph's death and it was appraised at $1,400.00. Barrows testified that she was told by Jonathan that it had been bought in Colorado along with other books. Defendant testified however that Jonathan had bought it in Vermont in 1963 or 1964 and it was left at Windswept while they lived in Colorado. Plaintiff had gained knowledge of the discrepancy relative to the time and place of the Atlas's acquisition through pre-hearing discovery.
Defendant in seeking sanctions relies upon Rule 11 of the Rhode Island Rules of Civil Procedure which in essence states that:
 ". . .The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading motion or other paper that to the best of the signer's knowledge information and belief formed after reasonable inquiry is well grounded in fact and is warranted by existing law. . . ."
Defendant emphasizes that the Complaint was neither "well grounded" nor "warranted by existing law" and was brought strictly to harass her.
Plaintiff correctly points out that a Rule 11 certification need only be based on knowledge, information and belief "formed after reasonable inquiry" that it is well grounded and warranted in existing law.
The undisputed facts are that Defendant had reasonably unfettered access to the contents of the ancestral home; that certain personalty believed to belong to the estates was unaccounted for; and that Defendant consigned certain personalty for auction, the ownership of at least one item (Atlas) was open to question. All this information certainly raised sufficient suspicions as to the origins of the auctioned personalty and to give the Plaintiff reason to believe that estate assets may have been misappropriated by the Defendant, warranting, if not mandating a judicial inquiry. Plaintiff's failure to ultimately satisfy his burden of proof under the circumstances outlined herein has no persuasive relevance. Therefore, the Master finds that Plaintiff's pursuing the action against the Defendant was justified and well within the letter and spirit of RCP 11.
Consequently, Defendant's motions for sanctions in the form of payment of attorney's fees and compensation for being subjected to "senseless litigation" is denied.